United States District Court
Southern District of Texas
ENTERED

MAR 0 6 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. B-04-921-01 |
| OTILA HERRERA-GAMBOA | § | |

## ORDER

BE IT REMEMBERED that on March 5, 2008, the Court **DENIED** Otila Herrera-Gamboa's Motion of Petitioner for Modification or Reduction of Sentence based upon an Intervening Post-Sentence Change in the U.S.S.G. Pertaining to Cocaine Base "Crack" Offenses (Amendment 9) and the Corollary Criminal History Category (Amendment 12) which Effectively Lowers Petitioner's Term of Imprisonment. Dkt. No. 49.

Defendant argues that pursuant to § 3582(c)(2), her sentence should be reduced. Section 3582(c)(2) states that, a term of imprisonment may not be modified after it is imposed except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

First, Defendant asserts that "[t]he Crack Amendment to the Sentencing Guidelines – Amendment 9 – will effectively reduce Petitioner's/Defendant's sentence by two (2) Offense Levels, from the current Level 29 to a Level 27." Dkt. No. 49, at 2. This Court disagrees. As Defendant was sentenced for a violation related to possession of cocaine, Dkt. No. 47, the amendment does not apply. Second, Defendant asks this Court to reduce her sentence pursuant to the Criminal History Category Amendment 12. Dkt. No. 49, at 3. This Amendment does not apply to Defendant because she was assessed zero (0)

1

criminal history point in the pre-sentence report. Dkt. No. 40, at 8. Third, Defendant also argues for a re-sentencing pursuant to *U.S. v. Booker*, asserting that at the time of her sentencing the Guidelines were mandatory. *Id.* at 3-4. However, this Court sentenced Defendant on April 4, 2005, almost three months after the Supreme Court decided *Booker* and the Guidelines became advisory. Dkt. No. 44.

Therefore, the Court **DENIES** Otila Herrera-Gamboa's Motion of Petitioner for Modification or Reduction of Sentence based upon an Intervening Post-Sentence Change in the U.S.S.G. Pertaining to Cocaine Base "Crack" Offenses (Amendment 9) and the Corollary Criminal History Category (Amendment 12) which Effectively Lowers Petitioner's Term of Imprisonment. Dkt. No. 49.

DONE at Brownsville, Texas, on March 5, 2008.

Hilda G. Tagle
United States District Judge